# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8387 | **DATE** | 7/9/2003 |
| **CASE TITLE** | CECIL MURRAY vs. CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 9/9/03 at 9:00 a.m. Enter Memorandum Opinion And Order. The City and Hillard's motion to dismiss is denied in part and granted in part. Counts I and II are dismissed without prejudice as to Hillard. Count III is dismissed with prejudice as to the City and Hillard. Murray is granted leave to file an amended complaint as to those counts dismissed without prejudice, if any, within fourten days of this Order if Plaintiff can do so consistent with his obligations under Fed.R.Civ.Proc. 11.

(11) ■ [For further detail see order attached to the original minute order.]

CECIL MURRAY,

    Plaintiff,

v.

CITY OF CHICAGO, TERRY HILLARD,
ROBERT BIEBEL, ROBERT SEUSS,
TRACY MOSELEY, TODD BRIDGES,
PETER BRKOVIC, ROBERT WOZNICKI,
THOMAS CARROLL, LAWRENCE AIKIN JR.,
RANDOLPH STEVENS, WILLIAM MINOGUE,
DOMINIC CRESCENTE JR., RICHARD DALY,
JOSEPH SCALISE, STEVE A. STEVENS, and
ANTHONY PERNA,

    Defendants.

No. 02 C 8387

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff, Cecil Murray ("Murray"), filed suit against the Defendants, alleging police brutality (Count I) and civil conspiracy (Count II), pursuant to 42 U.S.C. § 1983, and intentional infliction of emotional distress (Count III). Currently before the Court is the City of Chicago ("the City") and Terry Hillard's ("Hillard") Motion to Dismiss.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*



*v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

On November 19, 2002, Murray filed suit, *pro se*, against the City, Hillard, and ten other named defendants. The *pro se* complaint named the City and Hillard as defendants but did not include any allegations against either of these defendants. Counsel was appointed by this Court, and an Amended Complaint was filed in February 2003. A reading of the Amended Complaint supports the following summary of the alleged operative conduct of the parties.

On or about November 19, 2000, at approximately 3:30 a.m., Murray, a Chicago police detective, was attempting to place a subject, unknown at that time, under arrest for the offense of battery at a nightclub in Chicago, Illinois. After the subject was apprehended by Murray, the subject was taken to a Chicago police marked squad car. Todd Bridges ("Bridges"), a Chicago police officer, was the only officer inside the police car. Murray verbally and visually identified himself as a Chicago police detective and requested assistance. Bridges assisted Murray, and the subject was placed in the rear of the police car.

Friends of the subject, including David Burrows, Joseph Scalise, Steve Stevens, and Anthony Perna, arrived at the scene and began fighting with Murray and were able to free the subject. Bridges did not offer assistance to Murray.

While Murray and the others were fighting, Murray swung and pushed an individual who struck him. That person turned out to be police officer Tracy Moseley ("Moseley"). Other individuals, including Peter Brkovic, Robert Woznicki, Thomas Carroll, Lawrence Aiken, William Minogue, Richard Daly, and Dominic Crescente, joined into the fight.

All of the Defendants forced Murray against a sidewalk fence. Murray again visually identified himself as a Chicago police detective to Moseley and asked that a supervisor come to the scene. Various Defendants then verbally assaulted Murray. Thereafter, several Defendants proceeded to assault and brutally beat Murray by dragging him on the sidewalk, wrestling him, and kicking him in the head.

Between 4:00 a.m. and 9:00 a.m. that same day, several of the Defendants met with their supervisors at the Eighteenth District Police Station. Under the guidance of the supervisors, all of the Defendants planned and conspired against Murray. The conspiracy included falsifying police reports and documents and disregarding Chicago Police Guidelines and General Orders.

The City and Hillard move to dismiss the Amended Complaint as to themselves, contending that the claims are time-barred.

Section 1983 claims are governed by the forum state's personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (*Johnson*). In Illinois, the limitations period for a Section 1983 claim is two years. *See Johnson*, 272 F.3d at 521.

A Section 1983 action accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). A civil conspiracy claim accrues when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered. *See Scherer v. Balkema*, 840 F.2d 437, 438-40 (7th Cir. 1988).

State law claims against a local government entity or its employees must be brought within one year of the date the cause of action accrued. *See* 745 ILCS 10/8-101.

The instant lawsuit was originally filed on November 19, 2002. Therefore, Plaintiff's police brutality and civil conspiracy claims must have accrued after November 18, 2000. Murray's state law intentional infliction of emotional distress claim must have accrued after November 18, 2001.

The City and Hillard assert that the *pro se* complaint is a legal nullity because, while it named the Defendants in the caption, it failed to allege any acts or conduct by the City or Hillard. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*Potter*) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* plaintiffs."). However, while the holding in *Potter* would have required the dismissal of the *pro se* complaint as to the City and Hillard on that basis, such dismissal does not make the *pro se* complaint a legal nullity. The *pro se* complaint was still filed on November 19, 2002; and the City and Hillard were named Defendants. Accordingly, November 19, 2002 is the proper date for determining whether the claims were timely filed.

As stated above, Murray's Section 1983 claims must have been brought within two years of the time in which they accrued. The claims accrued on November 19, 2000; and the Complaint was filed exactly two years later. Accordingly, these claims were filed within the applicable statute of limitations.

However, Murray's state law claim must have been brought within one year, or November 19, 2001. Accordingly, this claim was not timely filed as to the City and Hillard. Murray contends that the doctrine of equitable tolling tolled the statute of limitations. He asserts that he was denied information which would have given him notice of his cause of action.

4

Equitable tolling applies when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim. *See Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7thCir. 1994) (*Chakonas*).

Given the nature of the allegations in Murray's original and Amended Complaint, Murray reasonably knew that he had a potential cause of action, at least, as to the individual Defendants. Accordingly, the statute of limitations is not tolled; and Murray's state law claim as to the City and Hillard is dismissed with prejudice.

The City and Hillard also contend that Murray's Amended Complaint fails to state a claim. As to Hillard, the Amended Complaint fails to make any allegations against Hillard; it simply names Hillard in the caption. Accordingly, the Section 1983 claims are dismissed without prejudice as to Hillard. *See Potter*, 497 F.2d at 1207.

The body of the Amended Complaint contains only one paragraph in which the City is identified as a party to the lawsuit. This paragraph states:

> The City of Chicago is a municipality duly incorporated under the laws of the State of Illinois, and is and was the employer of the police personnel charged herein as agents of the City of Chicago. It is sued pursuant to the doctrine of *respondent superior* (sic) in the related state law claims because of their failure to properly supervise, train, control, and discipline its employees. The City had a policy or custom within its police department which deprived plaintiff of his constitutional rights.

To allege that a municipal policy has violated an individual's civil rights under Section 1983, the plaintiff needs to allege that (1) the municipality had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to

5

constitute a custom or usage, or (3) plaintiff's constitutional injury was caused by a person with final policy-making authority. *See McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000) (*McCormick*).

In the instant case, Murray has alleged that the City "had a policy or custom within its police department which deprived plaintiff of his constitutional rights". The Amended Complaint does not specify the policy or custom. However, the Amended Complaint contains sufficient allegations to allow the City to understand the gravamen of Murray's complaint. These allegations include a detailed account of the November 19, 2000 incident and the role of individual police officers in the incident. While the allegations are conclusory, they are sufficient to put the City on notice of the claim against it. *See McCormick*, 230 F.3d at 325.

For the reasons stated above, the City and Hillard's Motion to Dismiss is denied in part and granted in part. Counts I and II are dismissed without prejudice as to Hillard. Count III is dismissed with prejudice as to the City and Hillard. Murray is granted leave to file an amended complaint as to those counts dismissed without prejudice, if any, within fourteen days of this Order if Plaintiff can do so consistent with his obligations under Fed. R. Civ. Proc. 11.

Dated: July 9, 2003

JOHN W. DARRAH
United States District Judge